TRIPP *v.* GREGORY.

1. LANDLORD AND TENANT—DURATION OF TENANCY—FINDING OF
COURT—SUFFICIENCY OF NOTICE.
In landlord's summary proceeding to oust tenant from premises,
finding of trial court that tenancy was on a month-to-month
basis, rather than year-to-year, as claimed by defendant, *held*,
not against the weight of the evidence, hence, 30-day notice
was sufficient.

2. SAME—REASONABLENESS OF REFUSAL TO PERMIT LANDLORD TO
SHOW PREMISES TO PROSPECTIVE PURCHASER—QUESTION OF FACT.
Whether or not tenant unreasonably refused to permit landlord
to show residential property to prospective purchaser is a
question of fact.

3. SAME—REFUSAL TO PERMIT LANDLORD TO SHOW PREMISES TO PRO-
SPECTIVE PURCHASER—FINDING OF COURT—WEIGHT OF EVIDENCE.
Finding of court in summary proceeding that tenant had un-
reasonably refused to permit landlord to show premises to
prospective purchaser in violation of rent regulation of office
of price administration *held*, established by the weight of the
evidence, defendant's claim that purchase price asked by
plaintiff was exorbitant relating to an immaterial matter
(Rent Regulation for Housing, § 6, par. 2).

4. SAME—EVIDENCE—TELEPHONE CONVERSATION.
In summary proceeding to oust tenant, admission of a witness's
testimony of landlord's agent, her husband, as to telephone
conversation had with defendant was not error where the
agent had already identified defendant as the party he had
been talking with on the telephone and defendant later tes-
tified to his version of the conversation in question.

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted June 5, 1946. (Docket No. 44, Calendar
No. 43,415.) Decided September 11, 1946.

Summary proceedings before circuit court commissioner by Ellen M. Tripp against John Gregory to recover possession of real estate. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Earl L. Phillips,* for plaintiff.

*Robert D. Heitsch,* for defendant.

REID, J. This is a summary ouster proceeding begun before a circuit court commissioner, in which plaintiff had judgment. Defendant appealed to circuit court, which affirmed the judgment appealed from. Defendant appealed to this court from the judgment affirming the judgment of the circuit court commissioner.

Plaintiff claims:

1. That defendant was her tenant from month to month.

2. That the 30-day notice to quit was sufficient, and

3. That defendant violated the requirement of the O. P. A. regulations in that he unreasonably refused plaintiff access to the housing accommodations for the purpose of showing the accommodations to a prospective purchaser.

Defendant claims:

1. That his tenancy was from year to year.

2. That a year's notice was requisite but was not served, and

3. That he did not refuse a reasonable request for access to the housing accommodations for showing the accommodations to a prospective purchaser.

Plaintiff offered in evidence the O. P. A. rent regulations for housing, § 6, paragraph 2. Section 6

provides restrictions on removal of tenant and further provides, ''No tenant shall be removed from any housing accommodations * * * unless: '' and thereupon the pertinent part of the regulation follows,

Paragraph 2: ''Tenant's refusal of access to landlord. The tenant has unreasonably refused the landlord access to the housing accommodations for the purpose of inspection or of showing the accommodations to a prospective purchaser, mortgagee, or prospective mortgagee, or other person having a legitimate interest therein.''

On December 10, 1937, defendant rented the premises, the residence in question, from M. A. Benson, who was then the owner. Defendant testified he was not interested in renting the premises unless he could stay a year and that this was agreeable to the owner and that he, defendant, told the owner that he probably would stay two or three years. Defendant testified he paid Benson by the year, but that he paid Mrs. Rivard, a subsequent owner, by the month.

At one place in his testimony Mr. Benson said, ''He (defendant) agreed to take it for a year.'' Objection was made and the court ruled that the witness was required to give the conversation. The conversation as testified to by Mr. Benson was to the purport that ''it was a kind of gentlemen's agreement he could stay there * * * from then on * * * as long as he wanted to,'' and that defendant should stay there long enough so that the owner would get a return on his investment for repairs and improvements.

Benson's testimony shows his friendship for defendant. Defendant's appeal bond is signed by M. A. Benson as surety.

On January 15, 1940, Benson sold the property to Mrs. Rivard (formerly Elliott), who collected the rent each month for about one year. Defendant never mentioned to Mrs. Rivard that he had a year-to-year tenancy or lease on the property.

On January 2, 1941, Mrs. Rivard sold the property to Leslie Tripp and Ellen M. Tripp, his wife, who is the plaintiff in this case. Mr. Tripp later deeded the property to plaintiff, June 30, 1944.

Defendant paid rent monthly to Mrs. Rivard while she was owner, to Tripp and wife (plaintiff) while they were owners, and to plaintiff since she has been sole owner, without making any statement or giving any notification to any of those owners that he claimed his tenancy to be from year to year, until the summary ouster case had been started. Mr. Tripp gave defendant notice dated January 2, 1941, of an increase in the rent from $30 to $40 per month. Defendant paid the increased rental beginning February 1, 1941, without asserting any right under a tenancy as from year to year. It could be considered in view of all the testimony that defendant's theory, that his tenancy was from year to year, was an afterthought.

The finding for plaintiff by the trial court necessarily included a finding that the tenancy was not from year to year, but was from month to month. We consider the finding that the tenancy was from month to month was not against the weight of the evidence and affirm it. The service of the 30-day notice was sufficient.

There was competent testimony to the effect that defendant unreasonably refused to permit plaintiff to have access to the accommodations of the residence in question for the purpose of showing such accommodations to a prospective purchaser. The dispute on that question is factual and not as to the

law. The finding for plaintiff by the trial court also included a finding that such unreasonable refusal occurred. The finding that an unreasonable refusal occurred is considered by us to have been established by the weight of the evidence and it is affirmed.

During the taking of testimony, witness Mrs. Smith testified to Mr. Tripp's part in a telephone conversation between him and defendant. Mrs. Smith testified to what Mr. Tripp (plaintiff's husband, acting for plaintiff) said while talking into the telephone receiver. The defendant objected to this testimony as incompetent. Mr. Tripp had already testified to his version of this conversation and without objection identified defendant as the party he was talking with on the other end of the telephonic connection. The objection to Mrs. Smith's testimony is without merit. Defendant later testified to his version of the conversation in question, and testified that in the conversation he, defendant, advanced the theory that he need not admit plaintiff to the premises for the purpose of a prospective sale because he claimed plaintiff's price was exorbitant. The trial court ruled that the price asked by plaintiff was not material. The record fails to convince us of any error in that particular.

The judgment of ouster appealed from is affirmed. Costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.