POLITE *v.* MICHIGAN TAE KWON DO ASSOCIATION,
INCORPORATED

1. JUDGMENT—SUMMARY JUDGMENT—FACT QUESTIONS.
   Summary judgment procedure is not to permit the court to
   determine issues of fact, but functions solely to determine
   the existence of genuine material facts to be tried and to
   eliminate sham issues which could cause needless, time-con-
   suming litigation (GCR 1963, 117.2[3]).

2. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS.
   Parties may facilitate summary judgment procedure by filing
   affidavits made on personal knowledge of facts admissible as
   evidence which tend to establish or deny the grounds stated
   in the pleadings or motions and to which the affiant can
   competently testify.

3. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT.
   The existence of a factual dispute precludes disposition on a
   summary basis despite the court's impression of how the case
   should be decided.

4. LANDLORD AND TENANT—ORAL LEASE—INTENT.
   A factual dispute between landlord and tenant over the terms of
   an oral lease is resolved by determining the intent of the
   parties from the circumstances surrounding the transaction.

5. LANDLORD AND TENANT—DURATION OF TENANCY.
   A year-to-year tenancy may be created when the parties agree
   to reserve or pay rent on an annual basis even if payment is
   made quarterly or monthly if the circumstances indicate such

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3] 41 Am Jur, Pleading §§ 340, 342.
[4] 32 Am Jur, Landlord and Tenant § 127.
[5] 32 Am Jur, Landlord and Tenant § 73.
[6] 32 Am Jur, Landlord and Tenant § 129.
[7] 4 Am Jur 2d, Appeal and Error § 404.

an intent by the parties; likewise a month-to-month tenancy is created under a parol agreement which provides for monthly payment even though the tenancy continues for more than a year.

6. LANDLORD AND TENANT—ORAL LEASE.

The intent of the parties is a material fact at issue in a dispute over an oral lease and plaintiffs should be allowed to introduce evidence which could reflect the intent; therefore summary judgment for defendant was improperly granted in a dispute over the terms of an oral lease where there was no written lease from which the intent of the parties could be determined.

7. APPEAL AND ERROR—TRIAL TRANSCRIPT.

Appellant must file the full transcript of testimony and hearings had in the trial court with the clerk of the trial court, or show why upon motion, with notice to the opposing party, he should be allowed to transmit less than the full transcript (GCR 1963, 812.2).

Appeal from Oakland, William J. Beer, J. Submitted Division 2 March 7, 1969, at Lansing. (Docket No. 5,999.) Decided May 29, 1969.

Complaint by Charles Polite and Esther Polite against Michigan Tae Kwon Do Association, Incorporated, a Michigan corporation, for rent and remodeling expenses under an oral lease. Summary judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*William C. Ibershof,* for plaintiffs.

*James D. Jackson,* for defendant.

BEFORE: J. H. GILLIS, P. J., and LEVIN and BRONSON, JJ.

BRONSON, J. Plaintiffs and defendant corporation orally agreed that defendant would lease office space

in a building owned by plaintiffs. Plaintiffs allege that this oral agreement was reached on or about November 1, 1967; that the lease was to begin on November 5, 1967; that one month's rent and a security deposit were paid by defendant; and that on or about November 15, 1967 defendant corporation notified plaintiffs that it no longer desired the premises and filed notice of its intent to vacate. Plaintiffs claim that the lease was for one year. Defendants argue that the lease was on a month-to-month basis. From the granting of a motion for summary judgment in favor of defendant, in Oakland county circuit court, plaintiffs appeal.

The function of the GCR 1963, 117.2(3) summary judgment procedure is not to permit the court to determine issues of fact but solely to determine whether there is a genuine issue of material fact to be tried[1] and to filter out of the pleadings sham issues which might cause needless, time-consuming litigation.[2] To facilitate this determination, affidavits in support of their respective positions may be filed by either party.[3, 4]

---

[1] See *Durant* v. *Stahlin* (1965), 375 Mich 628. See, also, *Aetna Insurance Co.* v. *Cooper Wells & Company* (CA 6, 1956), 234 F2d 342.

[2] See *Durant* v. *Stahlin, supra.* See, also, *Edward B. Marks Music Corporation* v. *Continental Record Co.* (CA 2, 1955), 222 F2d 488, cert. den. 350 US 861 (76 S Ct 101, 100 L Ed 764).

[3] Indeed, under GCR 1963, 117.3 the filing of affidavits is required in certain instances.

[4] These supporting or opposing affidavits "shall be made on personal knowledge and shall set forth with particularity such facts as would be admissible as evidence to establish or deny the grounds stated in the pleading or motion. *Such affidavits shall show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts contained therein.*" GCR 1963, 116.4. (Emphasis added.)

In view of the above requirements, it must be noted that plaintiffs' affidavit of May 21, 1968 is insufficient in that it fails to contain the showing required by rule 116.4. However, since this aspect of the matter was not argued in the trial court or to us and, if it had been argued, might have been corrected by amendment, we are not making our determination upon this basis.

"The right to trial of factual issues must prevail over any temptation to dispose of a case summarily, even though the affidavits or other supporting matter may give the judge a strong impression as to how he thinks the issues should be decided."[5]

The information contained in the plaintiffs' affidavits, when viewed in a light most favorable to plaintiffs, who are the parties in opposition to the motion, clearly shows a factual dispute as to the terms of the oral lease agreed to by the parties. The existence of such a factual dispute precludes disposition of the case on a summary judgment basis.

In the present case there is a dispute between the parties as to whether they orally agreed to create a year-to-year tenancy or a month-to-month tenancy. Based upon testimonial evidence offered at trial, it is the task of the trial court to resolve this difference by determining the intent of the parties.[6] In order to make such a determination the court may look to the circumstances surrounding the alleged agreement. 51C CJS, Landlord and Tenant, §§ 131–135, pp 414–420; §§ 146–147, pp 438–442.

An important element in such a judicial determination is the reservation of or payment of an annual rent. When the parties orally agree to reserve or pay rent on an annual basis, even though payment is made quarterly or monthly, or if the circumstances indicate such an intent by the parties, a tenancy from year to year may be created. 51C CJS, Landlord and Tenant, §§ 130–135, pp 414–420. Likewise, a month-to-month tenancy may be created under a parol agreement which provides for monthly payment even though the tenancy continues for more than a year. *Tripp* v. *Gregory* (1946), 315 Mich 364.

---

[5] 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), § 117, p 362.
[6] 51C CJS, Landlord and Tenant, § 132, p 415.

All other relevant evidence, facts, and circumstances should also be considered in deciding the disputed issue.

Since there is no written lease from which the intention of the parties may be determined, the credibility of the parties is the material point at issue. This does not mean to say that plaintiffs are entitled to recover, but rather that they should be afforded the opportunity to come forth and introduce evidence which might reflect upon the intention of the parties. Consequently the granting of the summary judgmen' is hereby set aside and this cause remanded for hearing on the merits.

Under GCR 1963, 812.2 it is the duty of appellan' to file with the clerk of the trial court the full tran script of testimony and hearings had in the trial court, or to show why, upon motion with notice to the opposing party, he should be allowed to transmit less than the full transcript. Without following the procedure established in GCR 1963, 812.2 plainti!' failed to supply the full record. This resulted in an added expense to defendant, who produced the missing portion of the lower court record. Plaintiff's shall promptly reimburse the defendant for the amount expended by the defendant in completing the record.

Reversed and remanded for trial. Costs, except as set forth in the preceding paragraph, to abide the event.

All concurred.